*81
Curia, par

Butler, J.
The precise point ruled on the circuit, and that upon which the judgment of this Court is now asked, may be thus stated: When a defendant in an action against him as administrator, fails to plead plena administravit, but rests the defence entirely on some plea denying the liability of the intestate, such as payment, or non est factum, (fee., and a recovery is had against him on such plea, is not a judgment, thus recovered, prima facie evidence to charge the administrator in an action of debt, suggesting a devaslavitl and if so, is not the return of nulla bona, on the execution in the case, evidence of the same character, to show that the assets which were administered, had been wasted'? An affirmative decision of this proposition, does not deprive the defendant of an opportunity of showing that he had no assets of the deceased to be administered, or to show that he had not wasted them. Such a decisionas that might, in this State, operate unjustly, as it might be in the power of the administrator to show that, instead of wasting the assets, as might be inferred from the Sheriff’s return, they had been taken away from him subsequent to the first trial, by the judgment of a competent Court; or, perhaps, that he had regularly disposed of them, according to law, to superior demands. I am not, therefore, prepared to go so far as to say, that if an administrator or executor omit to plead plena administravit in the first action, and a verdict is had against him, it operates as a conclusive admission of assets; or that nulla bona should be held as conclusive evidence of devastavit. The English decisions would seem to go this far. In the case of Ering's Executors vs. Peters, 3 T. R. 685, the subject was fully considered. The defendant had been sued on a bond executed by his testator, and others, 24 years before suit brought. He put in a plea of payment, and a verdict was had against him on such plea; a fi.fa. was taken out on the judgment, commanding the Sheriff to cause the debt and damages to be levied of the goods and chattels of the testator in the hands of defendant, if he had so much thereof in his hands to be administered, and if he had not so much, (fee., then to cause the said damages (only) to be levied of the proper goods and chattels of the defendant *82 himself. Upon this, the Sheriff, after calling to his aid a jury to try the question, certified that no goods could be found, either of the testator, or defendant, in his bailiwick, (the same having been taken away,) to satisfy the debt or damages. This was all the evidence of a devastavit that was offered by plaintiff. The Court held this sufficient, and, indeed, a conclusive admission of assets. Lord Kenyon struggled hard to free himself from the restraints of authority, saying it struck him as extremely hard on the defendant, but as hard as it was, he must submit to the law, as it had been settled by the current of authorities. His lordship further remarked, “that it seemed extraordinary, that the judgment in the first action, should not be a judgment de bonis propriis, if the executor be liable, at all events.” Buller, J., had no such difficulties; but said the law was both well settled, and agreeable to reason. He concludes his judgment in the following terms: “ Here, the simple question is, whether an executor or administrator, who has no effects in his hands to be administered, and will not take advantage of that defence at the proper time, shall be permitted to do it afterwards. Now, it is an universal principle of law, that if a party do not avail himself of the opportunity of pleading matter in bar to the original action, he cannot afterwards plead it, either in another action founded on it, or in a scire facias. According to these views, the defendant in the case before the Court, would be barred, by the recovery in the former action, from setting up any defence in this. Although, in form, the judgment was against him to be satisfied, de bonis testatoris, yet, in effect, it would fix his absolute liability. I think in justice, however, he should not be placed in this situation. But he should be rather regarded as standing in the position of a defendant, who had pleaded plene administra-vit, with a finding of assets in his hands. In such case, a judgment would be only good for the amount of assets found, although it would be a falsification of the plea denying any assets. In the foregoing decision, Lord Kenyon refers to the decision of Lord Mansfield on this point, in the case of Harrison vs. Beckles; “ There, to an action of assumpsit, the defendant pleaded non-assumpsit and plene administravit.” It was insisted, that if the plaintiff could *83 prove assets administered to any small amount, the plaintiff must have a verdict for the whole of his demand. But Lord Mansfield Said the law was certainly understood to be so, and there were a hundred cases so determined. This struck him as wrong and absurd; and after consultation with the other Judges, it was agreed that the plaintiff ought not to recover of the executor, more than the assets in his hands. The plaintiff proved two notes, which amounted to £80, and took verdict on the non-assumpsit for that sum, and.having proved £25 assets unadminister-ed, he took a verdict on the plena administravit for that sum, and judgment quando, <fec., for the residue.” In the case under consideration, I think it was competent for the defendant to have limited the verdict to the actual amount of assets which he had in his hands to be administered. It would be unjust to punish a defendant, who, as administrator, believed no debt was due, with the absolute payment of the debt; because he failed to sustain a plea put in, in good faith, such as payment, <fec., denying the existence of the debt. But an omission to plead plene admin-istravit, will, in all cases, raise, the presumption that the defendant has assets sufficient to pay the debt; and, in a second action, suggesting a devastavit„ a plaintiff should not be required to prove the assets, but the onus should be thrown on the defendant to relieve himself from liability, by either showing that he had nothing to satisfy the judgment, or the extent of assets in his hands, &c. This the defendant refused to do, when he had it in his power to have made a satisfactory developement of his administration. I presume, however, as well from the ground of de-fence taken by defendant, as from what was stated in argument, that he ought to pay the debt, and that the verdict is entirely correct. The judgment of the Court was founded in a most favorable interpretation of the law; and the defendant has no cause to complain. I would wish to limit the judgment to the point made, to wit: that the evidence to charge plaintiff was, at least, prima facie. The plaintiff might have contended, under English decisions, that it was conclusive. Until, however, the law is thus settled here, I shall'be satisfied with the decision made on *84 the circuit, which being confirmed, the motion of defendant is refused.
A. P. BUTLER.
• We concur. J. S. Richardson, John Belton O’Neall, Josiah J. Evans, B. J. Earle.